**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

<u>**In re Hurricane Auto CU Application**</u>                        **Docket No. 92-7-11 Vtec**
**(Appeal from Town of Berlin Development Review Board decision)**

Title: Motion for Summary Judgment (Filing No. 2)

Filed: November 15, 2011

Filed By: Appellant/Applicant Hurricane Auto, Inc.

Response in Opposition filed 12/12/11 by Interested Persons Douglas R. Shiok and Nancy
   Evans-Shiok
Reply filed on 12/21/11 by Hurricane Auto, Inc.


___ Granted                    <u>X</u>  Denied                    ___ Other

        Hurricane Auto, Inc., ("Applicant") has appealed a decision by the Town of Berlin
Development Review Board ("the DRB") denying its request for a zoning permit to develop an
automotive repair business at 34 Chandler Road in the Town of Berlin, Vermont ("the Town").
Applicant now moves for summary judgment, contending that it is entitled to a permit because
its proposed use meets the requirements for conditional use approval in the Town of Berlin
Zoning Regulations ("the Regulations"). Interested Persons Douglas Shiok and Nancy Evans-
Shiok ("Neighbors") oppose Applicant's motion, arguing that there are facts in dispute as to
whether the proposed use meets all of the requirements for conditional use approval.

        We will only grant summary judgment for a moving party if "the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
any, . . . show that there is no genuine issue as to any material fact" and the moving party "is
entitled to judgment as a matter of law." V.R.C.P. 56(c)(3)[1]; see V.R.E.C.P. 5(a)(2). In our
examination of the facts, we give the non-moving party (here, Neighbors) the benefit of all
reasonable doubts and inferences, and accept as true all factual assertions they make in
opposition "so long as they are supported by affidavits or other evidentiary material."
<u>Robertson v. Mylan Labs., Inc.</u>, 2004 VT 15, ¶ 15, 176 Vt. 356.

        In its motion for summary judgment, Applicant asserts that the DRB based its decision
on evidence that its proposed use fits within the definition of a "cottage industry," a conditional
use in the Rural Residential (R-40) District, the zoning district in which Applicant's property is

---

[1] We note that an updated version of V.R.C.P. 56 became effective on January 23, 2012. However, we
analyze this motion under the previous version of the rule because that version was in effect at the time
the pending motion was filed.

located. See Regulations § 2.04, Table 2.03. Applicant further asserts that the DRB concluded that its proposed use meets all of the Regulations' conditional use criteria except for Criterion 12, that such use must not "adversely affect . . . [t]he character of the area affected; neighboring uses." Regulations § 5.06(A)(12); *see also* 24 V.S.A. § 4414(3)(A) (requiring municipalities adopting conditional use review to consider the effect of a use on the character of the area affected). Because Applicant's Statement of Questions raises only the issue of whether its proposed use will "negatively impact the character of the area in which it is sited," it is the only issue we address on summary judgment. (See Statement of Questions, filed Aug. 17, 2011.) In other words, we do not reach the question of whether Applicant is entitled to a zoning permit.[2]

In order to grant Applicant's request for summary judgment, we must determine that there are no facts in dispute material to whether Applicant's proposed use will adversely affect the "character of the area." The language of both the Regulations and the enabling statute guide our understanding as to what "character of the area" refers. See In re White, 155 Vt. 612, 619–20 (1991) (stating that the criteria for conditional use approval enumerated in 24 V.S.A., Chapter 117 "are the floor below which no town can go if it wants to do conditional use zoning"). The Regulations require that a conditional use not adversely affect "[t]he character of the area affected; neighboring uses." Regulations § 5.06(A)(12). The Regulations also reference "[t]he essential character of the neighborhood or district in which the proposed use is located," including "the existing uses as well as the goals articulated for the district." Id. In 24 V.S.A. § 4414(3)(A)(ii), the character of the area affected is defined "by the purpose or purposes of the zoning district within which the project is located, and specifically stated policies and standards of the municipal plan."

Accordingly, to identify the character of the area affected by Applicant's proposed use, we consider the following: the purposes and goals of the zoning district in which the proposed use is located, any applicable policies and standards in the municipal plan, and the uses neighboring the proposed use. Applicant's proposed use lies in the Town's Rural Residential (R-40) District, for which the Regulations establish the following purpose:

> To protect fragile natural resources, including wetlands, surface waters and wildlife habitat; promote continued agricultural activities; prevent strip development along major road corridors; and encourage moderate density residential development, including clustered housing, and limited commercial uses in appropriate locations.

Regulations § 2.04, Table 2.03.

In its motion, Applicant argues that the proposed development aligns with this purpose because there are no fragile natural resources at risk; the land is unsuitable for agricultural uses; the area is "largely commercial"; Applicant is not proposing strip development; and "there will be no impact on the density of residential development, or clustered housing." (Mot. for Summ.

---

[2] Thus, in resolving the pending motion we have not considered the arguments Neighbors make as to whether the proposed use qualifies as a type of conditional use in the Rural Residential (R-40) District or complies with the other conditional use criteria.

J. 2–3, filed Nov. 15, 2011.)  Applicant also argues that its proposal is for a "limited commercial use," a type of development falling within the purpose of the zoning district.  Id.

Neighbors respond with allegations that the proposed use will negatively impact wildlife habitat on their property and in the surrounding neighborhood.  Neighbors also allege that the area in which Applicant's proposed use is located is a quiet residential area with clustered housing and that Applicant's proposed commercial use is out of character with the type of development existing and allowed in the area.  Neighbors support these allegations with the submission of affidavits.

Accepting Neighbors' factual assertions as true, we conclude that there are genuine issues of material fact regarding whether Applicant's proposed use conforms with the purpose of the overlying zoning district.  Therefore, we need not examine whether there are disputed material facts under the remaining aspects of the character of the area affected; we must **DENY** Applicant's motion.

In analyzing Applicant's motion, it appears to the Court that the parties disagree about the scope of the pending appeal.  Consequently, the Court will schedule a telephonic status conference to identify the issues that are before the Court in this appeal. The notice accompanying this Order provides the date and time for the conference.

|  |  |
|---|---|
| _____ | _____February 13, 2012_____ _ |
| Thomas Walsh, Judge | Date |

================================================================

Date copies sent: _____          Clerk's Initials: _____

Copies sent to:

   Paul S. Gillies, Attorney for Appellant/Applicant Hurricane Auto, Inc.

   Robert Halpert, Attorney for Appellee Town of Berlin

   Interested Person Margaret D. Irish, pro se

   Interested Persons Douglas R. Shiok and Nancy Evans-Shiok, pro se

   Interested Person Eduardo Hernandez, pro se